Daniel, J.
 

 We think that the judge should have sustained the demurrer. The plaintiff admits in his bill, that, at law, he confessed the truth of the defendant’s plea of
 
 plene adminisiravit.
 
 He then could proceed in one of two ways; either to take a judgment
 
 guando,
 
 or sue a
 
 scire facias
 
 against the heirs to subject the land. He deliberately chose the latter course. And the circumstance, that the land did not produce enough to satisfy his judgment, may be to him a misfortune, but we cannot see, that it is one of those
 
 mistakes,
 
 that a Court oí Equity can relieve against. The case of
 
 Tatum
 
 v.
 
 Tatum,
 
 1 Ired. Eq. 113, is notan authority for the plaintiff-. There the two slaves
 
 given
 
 by the debtor to Dudley Tatum, who afterwards became administrator to the debtor, were sought to be subjected by the creditor, only after all the other assets, and all the lands, which had descended to the heirs of the debtor, had been exhausted. The said gift of the two slaves by the debtor, then and then only, was ascertained to be void and fraudulent, under the statute, as to the creditor seeking payment of his debt. The donee of the two slaves had, it: equity, a right to stand behind all the general assets, and also all the lands descended to the heirs, until they were exhausted, before he should be called on to surrender the said slaves to pay creditors. He stood like a specific legatee, and hada right, in equity, to call in aid all the general assets, and also all the lands descended to the heirs, to pay debts, before he should be compelled to give up those slaves to the creditors of his donor. And, furthermore, in
 
 Tatum
 
 v.
 
 Tatum,
 
 the defendants did not rely, in their answer, upon what had been found on the issue in the Court of Law.
 

 A creditor may, by a proper bill, obtain accounts of the per*
 
 *606
 
 and veal estates of his deceased debtor, and a decree for Pa7rnent °f his debt and those of others of the proper fund,
 
 Simmons v. Whitaker,
 
 3 Ired. Eq. 129. But if he chooses tQg0 on at |aWj anq ilas the plea of fully administered found against, him or coulesses it, we see no possible ground for relief, in equity, against the verdict and judgment thereon, where the executor has been guilty of no fraud in misrepresenting the state of the assets. It is not sufficient, for éxample, as a ground for coming into equity, that the creditor has discovered, that the executor had assets at the time of the trial at law, which he did not disclose aud the creditor did not then know of or prove ; for the executor is not bound to give evidence against himself at law, and there were methods, by which the creditor might have had the discovery, if he had thought proper to resort to them. But if he proceeds upon his own judgment, at law, the result roust bind him, as in every other case of concluding persons by verdicts and judgments.— For tne present bill is merely an attempt to get a new trial of the plea of fully administered, or rather to avoid the effect of the present plaintiff’s admission of it, without shewing fraud by the administrator, and upon the mere ground that he had not fully administered. The effect of sustaining the bill would be, that a finding upon that plea concludes the executor but in no instance concludes the creditor; and that the creditor, after taking his chances, at law, of fixing the executor with assets, because he may not be able to prove some disburseement, and the chances having turned out against him, may then ask that discovery and relief from a Court of Equity, which he might at first have had for himself and all the creditors. There is no precedent of such a bill that we know oí; which supplies a strong argument against it. The question of “fully administered” is in its nature a legal one, and though Courts of Equity, for the sake, of the discovery and the better remedy in taking the accounts and applying the assets, does assume jurisdiction of it at the proper period, yet, after the parties have submitted the question to a legal tribunal and had
 
 *607
 
 its decision on it. the Court of Equity Ought not to undertake to revise that decision, or try the question,
 
 de
 
 novo, a second time.
 

 Per CtmiAM, Ordered to be certified to the Court of Equity of Beaufort County, that the decree of that court should be reversed and the demurrer sustained, with costs.